UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Tookie Brown, # 120395, | ) C/A No. 4:12-2595-TLW-TER |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| Noel Hebert, Accounting Manager of SCDC;<br>FNU Drego, Doctor of Kershaw CI;<br>FNU Tomarchio, Acting Medical Director of SCDC;<br>Mrs. FNU Mungo, Nurse of Kershaw CI;<br>FNU Phillip, Nurse of Kershaw CI, and<br>FNU Herring, Nurse of Kershaw CI, et al., in their individual and/or personal capacities, | ) |
| Defendants. | ) |

Presently before the court are Plaintiff's motions to compel discovery and to compel SCDC to make copies of his handwritten material. (Doc.#29).

As to Plaintiff's motion to compel SCDC to make copies of his handwritten material, this is an improper request and this portion of the motion (doc. # 29) is DENIED.

As to the motion to compel Defendants to "provide a reasonable response to interrogatories #1, 2, 4,5,6,7 and 9" and an order compelling Defendants to "provide a reasonable response to production #'s 1, 2, 3, 8, 13,15 and 16." (Doc. #29), Defendants filed a response in opposition asserting they have responded to each of the Plaintiff's discovery requests and that their responses to the Plaintiff's requests were not deficient. Defendants assert that Plaintiff's Interrogatories Nos. 1, 2, 4, 5, 6, and 7 pose questions about the Plaintiff's medical treatment and that they produced

Plaintiff's electronic medical record and craved reference to a specific note or set of notes in that record to each question which are responsive to his Interrogatories.

In Plaintiff's Interrogatory No.1, Plaintiff asks to "Indicate for what medical reasons Brown's pain medications (Baclofen) was reduced for three (3) days from 07/21/2012 through 07/23/2012 by Drego." (Doc. # 29-2, p. 2). Defendants responded "[s]ee Note 73, dated July 24, 2012, in the Plaintiff's electronic medical record attached to these responses to discovery as Attachments 001 through 092." Id.

In Interrogatory No. 4, Plaintiff asks Defendants to "indicate the medical reason why Defendant Drego wanted to remove Brown's prison issued walker as allegedly stated by Defendant Mungo." (Doc. #29-2, p. 3). In the response to Plaintiff's Interrogatory 5, Defendant fully responded "See Note 66, dated June 26, 2012, and Note 67, dated July 24, 2012, in the Plaintiff's electronic medical record attached to these responses to discovery as Attachments 001 through 092." Id.

In Interrogatory No. 6, Plaintiff requests Defendants to "Indicate the professional, medical procedure Defendant Drego used to determine whether Brown has or doesn't have a damaged or pinched nerve." (Doc. #29-2, p. 4). Defendants responded with a reference to Notes 66 and 71. Id.

In Interrogatory No.7, Plaintiff requested Defendants to "Indicate for what period or for how long, Defendant Drego is going to prescribe Brown pain medication, as in-for example-six (6) months, two (2) years, etc." Id. Defendants responded with a reference to Note 73, dated July 24, 2012, in the Plaintiff's electronic medical record attached to the responses. Id.

In response to Plaintiff's Interrogatories Nos. 1, 4, 6, and 7, Defendants responded by simply craving reference to certain medical notes within Plaintiff's medical record which they attached to their responses. However, a party is required to answer each interrogatory, to the extent it is not

2

objected to, separately and fully in writing under oath pursuant to the Federal Rules of Civil Procedure Rule 33(b)(3). While a response pursuant to Rule 33(d) may be sufficient, the undersigned finds that referencing notes[1] does not comply with Rule 33(b)(3). Therefore, Defendants are given ten (10) days to provide full and complete answers to these Plaintiff's Interrogatories Nos. 1, 4, 6, and 7.

Plaintiff's Interrogatory No. 2 requested "Indicate the reason why some medical Orders to Report are back dated. For example, have a 07/10/2012 dated signature for reporting on 08/07/2012 that was actually handed to Brown on 07/22/2012." (Doc. #29-2, p. 2). Defendants objected to Interrogatory No. 2 as being overbroad, vague, unduly burdensome, and unlikely to lead to the discovery of admissible evidence but, without waiving the objection, referenced Note 67 dated July 10, 2012, and Note 74, dated August 7, 2012, in Plaintiff's medical record which was attached to the responses. Id. The undersigned finds that Defendants sufficiently objected to the Interrogatory and gave a response albeit a reference to the medical record.

As to Plaintiff's Interrogatory No. 9 that asks whether the prison commissary considered Plaintiff "as not indigent on 08/03/2012, after medical took Brown's account below 46.43 on or after 07/20/202. " (dco. #29-2, p. 4). Defendants explained that as of August 3, 2012, Plaintiff was not indigent as that word is defined in the SCDC Policies setting out the definition of indigent pursuant to SCDC policy and the amounts in Plaintiff's account to consider him not indigent. Id. Thus, Defendants assert that Plaintiff appears to disagree with their response and requests that Defendants change their response to Interrogatory No. 9 which is an improper ground for a motion to compel. The undersigned finds Defendants sufficiently responded to Plaintiffs' Interrogatory No. 9.

---

[1] The notes contain medical slang and abbreviations.

Plaintiff also requests an order compelling Defendants to further respond to his request for Production Nos. 1, 2, 3, 8, 13, 15, and 16. (Doc. #29). Defendants filed a response in opposition requesting that the motion be denied. (Doc. #30). Defendants assert that these requests are for specific documentation that the Defendants explained they do not possess. Defendants contend that Plaintiff's assertions that they have the requested documents and have fabricated certain portions of his medical record are false. Defendants deny these claims and assert this is an improper ground for a motion to compel.

In Request for Production #1, Plaintiff requests his "written request to Defendant Drego dated on or about 07/09/2012, requesting an MRI that may have a non-legible signature with a 07/10/2012 disposition only stating "encounter 67." (Doc. 29-2, p.5). Defendants responded to the Request stating they "are not in possession of a written request meeting this description." Id.

In Request #3, Plaintiff requests "the individual's name from initials on the 07/10/2012 disposition of request" stated in Request #1. (Doc. #29-2, p. 6). Defendants responded to see their response to Production No.1 which stated that they are not in possession of a written request meeting the description. Id

In Request #8, Plaintiff requests "an OTR that is dated 07/10/2012, given to Brown by Defendant Herring on 07/22/2012." (Doc. #29-2, p. 7). Defendants responded that the South Carolina Department of Corrections does not retain copies of OTR forms. Id

In Request #15, Plaintiff requests his "written 07/19/2012 request to the prison's commissary for a pair of shoes that has a 08/03/2012 disposition." Id. Defendants responded that they "are not in possession of a written request meeting this description." (Doc. #29-2, p. 9).

In Request for Production #2, Plaintiff requests "any reports concerning encounter 67 in connection with the above mentioned 09/07/2012 written request." Id. Defendants responded "see

4

the Plaintiff's electronic medical record attached to these responses to discovery as Attachments 001-092." Id.

In Request #13, Plaintiff requests "any and all financial documentation of Brown for the months of June 1, 2012, through September 1, 2012." (Doc. 329-2, p. 8). Defendants responded that "a transaction report for the Plaintiff's account is attached to these responses as Attachment 093." Id. In their response to the motion to compel, Defendants assert that "as shown by the dates in the second column of the transaction report, the document clearly shows the Plaintiff's account activity for this period and is fully responsive to Plaintiff's request." (Doc. # 30). The undersigned finds this response to be sufficient.

After a review of Defendants' responses to Plaintiff's Request for Production, Nos. 1, 2, 3, 8, 13, and 15 the court finds these Defendants have sufficiently responded.

In request #16, Plaintiff requests the "name of the individual who reduced Brown's account below $6.43, leaving $1.43 after he signed up for sick-call on 07/20/2012." Id Defendants referred to their response to Interrogatory #8, which stated that "SCDC Policy HS-18.17, Medical Co-payment, states: 'Inmates who initiate visits to medical to include routine and emergency care, medications and consultation services are considered by the Agency to have given implied consent for the assessment of a co-payment fee.' When the Plaintiff signed up and chose to go to sick call on 7/20/12, he gave implied consent for his account to be charged the medical co-payment fee." (Doc. 3 29-2, p. 4). Id. However, Defendants did not respond to the question as presented. Plaintiff asked the "name of the individual" who reduced his account. Defendants are given ten (10) days to respond to this request to Produce.

Therefore, Plaintiff's motion to compel discovery is granted in part and denied in part. (Doc. #29). Defendants shall have ten (10) days from the date of this Order to provide full and complete

answers to Plaintiff's Interrogatories Nos. 1, 4, 6, and 7 and Plaintiff's Request for Production No. 16. The remainder of Plaintiff's motion to compel is denied for the reasons set forth above.

Defendants filed a motion for summary judgment on April 24, 2013. A *Roseboro* Order was entered on April 25, 2013. Plaintiff has not responded to the motion for summary judgment. Plaintiff is given thirty (30) days from the date of this order to file a response to Defendants' motion for summary judgment or his case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 24, 2013  
Florence, South Carolina