UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tookie Brown, # 120395, | ) C/A No. 4:12-2595-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Noel Hebert, Accounting Manager of SCDC; | ) |
| FNU Drego, Doctor of Kershaw CI; | ) |
| FNU Tomarchio, Acting Medical Director of SCDC; | ) |
| Mrs. FNU Mungo, Nurse of Kershaw CI; | ) |
| FNU Phillip, Nurse of Kershaw CI, and | ) |
| FNU Herring, Nurse of Kershaw CI, et al., in their individual and/or personal capacities, | ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PROCEDURAL BACKGROUND**

The Plaintiff, Tookie Brown ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on September 10, 2012, alleging violations of his constitutional rights. Plaintiff is currently incarcerated at Lee Correctional Institution. Defendants filed a Motion for Summary Judgment on April 24, 2013, along with a memorandum and exhibits in support of said motion. (Document #33). Because Plaintiff is proceeding pro se, he was advised on or about April 25, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' Motion for Summary Judgment could result in the dismissal of his complaint. Plaintiff failed to file a response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

**Motion for Judgment on the Pleadings**

On November 15, 2013, Plaintiff filed a motion entitled "Plaintiff's Motion for Judgement on the [P]leadings." (Doc. # 46). In this motion, Plaintiff asserts that he is entitled to judgment on the pleadings because he was not served with the Defendants' Motion for Summary Judgment and memorandum in support. However, Plaintiff states that he received the package from the Defendants with the certificate of service identifying the documents that they were serving on him. Plaintiff asserts the Certificate of Service identified the Defendants' Motion for Summary Judgment and the memorandum in support among other documents. However, Plaintiff avers that on April 25, 2013, he received everything else listed on the certificate of service, i.e, the exhibits A-O, a copy of Local Civil Rule 7.05(A)(4), and the notice of electronic filing. Additionally, the Court issued the Roseboro Order on April 25, 2013, informing Plaintiff that a failure to respond to the Defendants' Motion for Summary Judgment could result in the dismissal of his complaint. Plaintiff did not file a response and did not notify the court that he had not been served with a copy of the Motion and Memorandum for Summary Judgment. On October 24, 2013, the court entered an Order giving the Plaintiff an additional thirty (30) days to respond to Defendants' Motion for Summary Judgment or his case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure. Plaintiff waited until November 15, 2013, to file a Motion for Judgment on the Pleadings stating that the Defendants did not serve him with the Motion for Summary Judgment and the memorandum in support. Thus, even if Plaintiff did not receive a copy as alleged, Plaintiff was aware of the pending Motion for Summary Judgment and memorandum since April 2013, but waited until November 18, 2013, to file a Motion for Judgment on the Pleadings alleging he had not been served. On November 20, 2013, the court entered an Order directing the Clerk of Court to provide

Plaintiff with a copy of the Motion for Summary Judgment and memorandum in support. Additionally, Plaintiff was given until December 5, 2013, to file a response or his case may be dismissed with prejudice pursuant to Rule 41b. Plaintiff failed to file a response.

It is recommended that Plaintiff's Motion for Judgment on the Pleadings (Doc. # 46) be DENIED.

## DISCUSSION

### ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The Plaintiff alleges that Defendants violated his constitutional rights. Plaintiff alleges a constitutional violation for restricted medical care and intentional falsification of medical records in retaliation for his filing a previous case (4:12-927-TLW-TER) involving two incidents of alleged excessive force and failure to protect. In this action, Plaintiff alleges that his medication is being reduced, his visits to the pill line are being reduced, and his walker is being taken from him in order to make his conditions appear less significant to the court. Further, Plaintiff alleges a violation of SCDC policy regarding the amount of money taken from his inmate account leaving him with an inadequate balance to obtain hygiene items. Therefore, Plaintiff alleges that the SCDC personnel are trying to force him to choose between taking care of himself or the pursuit of justice for himself in his previous case.

The Defendants filed a Motion for Summary Judgment asserting this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies before filing this action, the action is barred by the Eleventh Amendment and the South Carolina Tort Claims Act, Defendants cannot be held vicariously liable, failure to state a claim, no genuine issue of material fact, and qualified immunity.

### STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir.

1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations. Defendants submitted the affidavit of Ann Hallman (Hallman) who attests that she is an employee of the SCDC as the Chief of the Inmate Grievance Branch which oversees and monitors the processing of inmate grievances throughout the agency. (Hallman's affidavit, doc. #33-5). Hallman avers that the initial step for the SCDC Inmate Grievance System is for the inmate to file a Step 1 grievance. (Id.). The Warden has forty (40) days to respond to the Step 1 Grievance and a responsible SCDC official has 60 days to respond to a Step 2 grievance. (Id.).Hall attests that the only grievances Plaintiff filed before September 10, 2012, the filing date of the complaint, alleging misconduct on the part of the any of the Defendants listed in this action are Grievance KRCI 1842-12 and Grievance KRCI 1043-12. Step 1 of Grievance KRCI 1842-12 was filed on August 4, 2012, and Step 2 Grievance KRCI 1043-12 was filed on September 10, 2012. Therefore, Hall attests that

5

Plaintiff's complaint was filed before SCDC had an opportunity to respond to his Step 1 grievance in Grievance KRCI 1842-12 and his Step 2 grievance in Grievance KRCI 1043-12.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit.  The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).  Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC.  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001);  *see* Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir.  2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the date of the signing of the grievances or the date they were received, Plaintiff could not have exhausted his administrative remedies prior to filing this action on September 10,

2012.[2] Accordingly, it is recommended that Defendants' Motion for Summary Judgment (doc. #33) be granted for failure to exhaust administrative remedies. As it is recommended that the complaint be dismissed for failure to exhaust the administrative remedies, the merits will not be addressed.

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this Defendant's Motion for Summary Judgment (document #33) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

It is FURTHER RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (doc.#46) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III

December 6, 2013                                Thomas E. Rogers, III
Florence, South Carolina                        United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**

---

[2]Plaintiff signed his complaint on September 6, 2012, and the envelope reveals it was received in the Kershaw Correctional Institution mailroom on September 6, 2012.

7